UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS E. OGANDO,<br><br>                              Plaintiff,<br><br>-against-<br><br>JOHN J. NAPOLITANO, ESQ., ATTORNEY; BRANCH OFFICER WENDY MOYA CHASE JP MORGAN CORP. BANK; CARLOS MATEO; PETER GOLDBERG, ESQ. REAL ESTATE ATTORNEY; SHUKI HOORI REALTOR; LA SALLE BANK N.A.; CENTRAL MORTGAGE COMPANY; ALLIANCE MORTGAGE CORP; SUPREME COURT OF THE STATE OF N.Y., QUEENS COUNTY,<br><br>                              Defendants. | 25-CV-2437 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Queens County, New York, brings this *pro se* action under the Court's federal question jurisdiction. His claims arise from a dispute over a mortgage loan on a house located in Middle Village in Queens County, which has been the subject of proceedings in the New York State Supreme Court, Queens County ("Queens County Supreme Court").[1] (ECF 1.) Plaintiff alleges that Defendants violated his constitutional right to due process and provisions of the Real Estate Settlement Procedures Act, the Equal Credit Opportunity Act, the Consumer Credit Protection Act, and the Truth-in-Lending Act. (*Id.* at 9.) Named as Defendants are: (1) attorney John J. Napolitano; (2) JP Morgan Chase Bank branch Officer Wendy Moya; (3) Carlos Mateo; (4) attorney Peter Goldberg; (5) realtor Shuki Hoori; (6) La Salle Bank N.A.; (7) Central Mortgage Company; (8) Alliance Mortgage Corp; and (9) the Queens County Supreme Court. Plaintiff

---

[1] Attached to the complaint are documents arising from and relating to the state-court proceedings. (ECF 1 at 14-394.)

provides an address in Oyster Bay, New York, for Defendant Napolitano, and addresses in Queens County for Defendants Moya, Goldberg, and Hoori. Plaintiff does not provide addresses for the other Defendants. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] *See* 28 U.S.C. § 1391(c)(1), (2).

The allegations in the complaint indicate that all of the events or omissions underlying Plaintiffs' claims arose outside this District, in which case venue is not proper in this Court under

---

[2] Where a defendant is a corporation, its residency is determined as follows:

> [I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

Section 1391(b)(2).[3] Because Plaintiff alleges that only one Defendant resides in this District, venue does not appear to be proper in this District under § 1391(b)(1).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The property at the center of the dispute is located in Queens County, where Plaintiff and three Defendants reside; a fourth Defendant resides in Oyster Bay, New York, which is located in Nassau County, and which also falls within the Eastern District of New York. There has already been extensive litigation regarding the Middle Village property in the state court in Queens County, and it is

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York;(2) Bronx; (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

reasonable to expect that all relevant documents and witnesses also would be located in that district. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 26, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge